105 F.3d 665
 1997-1 Trade Cases P 71,740
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
LABRADOR, INC.; Labrador II, Inc., Plaintiffs-Appellants,
v.
The IAMS COMPANY; Petco Animal Supplies, Inc.; Petsmart
Inc., Defendants-Appellees.
 No. 95-56581.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 10, 1996.
Decided Jan. 8, 1997.
 
 Before: PREGERSON, D.W. NELSON, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Labrador, Inc. and Labrador II, Inc. ("Labrador") appeal from the district court's grant of summary judgment to The Iams Company, Petco Animal Supplies, Inc., and Petsmart Inc. ("Iams") on Labrador's antitrust claims. Labrador alleges that Iams sells its pet food products to Petco and Petsmart, two large national retail stores, at prices that are significantly lower than those offered to Iams' independent distributors, from whom Labrador purchases Iams' products. Labrador also claims that Iams provides certain retailers with incentives, payments, services, and discounts that are not made available to Labrador. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 STANDARD OF REVIEW
 
 3
 A grant of summary judgment is subject to de novo review. Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir.1996); Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir.1995), cert. denied, 116 S.Ct. 1261 (1996). This court must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Bagdadi, 84 F.3d at 1197; Warren, 58 F.3d at 441.
 
 
 4
 Summary judgment is favored in antitrust cases where the record, taken as a whole, could not lead the trier of fact to find for the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986). In opposing a motion for summary judgment in an antitrust case, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Id. at 586. "[W]hile the moving party has the initial burden of establishing the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts showing the existence of a genuine issue for trial." Sicor Ltd. v. Cetus Corp., 51 F.3d 848, 853 (9th Cir.) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986)), cert. denied, 116 S.Ct. 170 (1995).
 
 STANDING
 A. Damages
 
 5
 Labrador's damages claims fail because Labrador lacks standing to sue under the Clayton Act. Section 4 of the Clayton Act, which delimits the class of plaintiffs that may bring damage actions under the Act, is limited by the direct purchaser doctrine. See Illinois Brick Co. v. Illinois, 431 U.S. 720 (1977). Illinois Brick establishes a simple rule: Indirect purchasers cannot state a cause of action against manufacturers for damages under the Clayton Act.
 
 
 6
 It is undisputed that Labrador is an indirect purchaser of Iams' products. Labrador relies on two cases, both of which antedate Illinois Brick, to demonstrate that the direct purchaser rule does not apply to its claims. This reliance is utterly misplaced. In Federal Trade Comm'n v. Fred Meyer, Inc., 390 U.S. 341 (1968), the Court held that retailers who purchase from a supplier's independent distributors are protected as "customers" under § 2(d) of the Clayton Act. Fred Meyer expands the class of retailers protected under § 2(d) of the Clayton Act; it does not permit indirect purchasers to bring claims themselves against manufacturers pursuant to § 4 of that Act. Indeed, Fred Meyer does not involve a private plaintiff. And Perkins v. Standard Oil Co., 395 U.S. 642 (1969), involved a direct-purchaser plaintiff whose ability to bring a cause of action under § 4 of the Clayton Act was unchallenged. In short, neither Fred Meyer nor Perkins involved an indirect-purchaser plaintiff. Therefore, neither case undermines the general rule that only direct purchasers may bring a damages claim against a manufacturer under the Clayton Act.
 
 
 7
 To escape the barrier of Illinois Brick, Labrador argues that Iams exerts sufficient control over its distributors to invoke the "ownership or control" exception to the direct purchaser rule. See Illinois Brick, 431 U.S. at 736 n. 16; Arizona v. Shamrock Foods Co., 729 F.2d 1208, 1212 n. 2 (9th Cir.1984), cert. denied, 469 U.S. 1197 (1985). Labrador claims that the exception applies to this case because Iams controls its distributors, transforming those distributors into sellers and Labrador into a direct purchaser.
 
 
 8
 This argument is unavailing. Any exception to the direct purchaser rule is to be construed narrowly. See Illinois Brick, 431 U.S. at 745; Burkhalter Travel Agency v. MacFarms Intern., Inc., 141 F.R.D. 144, 148 (N.D.Cal.1991). Labrador has failed to demonstrate a relationship between Iams and Iams' distributors "involving such functional economic or other unity ... that there effectively has been only one sale." Jewish Hosp. Ass'n Inc. v. Stewart Mechanical Enters., Inc., 628 F.2d 971, 975 (6th Cir.1980), cert. denied, 450 U.S. 966 (1981).[1] Accordingly, the "ownership or control" exception to the direct purchaser rule does not apply, and Illinois Brick precludes Labrador from bringing its damages claims against Iams under the Clayton Act.
 
 B. Injunctive Relief[2]
 
 9
 Indirect purchasers are not barred from bringing an antitrust claim for injunctive relief against manufacturers under § 16 of the Clayton Act. See In re Coordinated Pretrial Proceedings in Petroleum Products Antitrust Litigation, 497 F.Supp. 218, 228-29 (C.D.Cal.1980). However, such purchasers must satisfy the requirements of "antitrust standing." See Cargill, Inc. v. Monfort of Colorado, Inc., 479 U.S. 104, 113 (1986). This doctrine "requires an inquiry beyond that performed to determine standing in a constitutional sense." Bubar v. Ampco Foods, Inc., 752 F.2d 445, 448 (9th Cir.), cert. denied, 472 U.S. 1018 (1985). Specifically, a private plaintiff must demonstrate that it is threatened by "antitrust injury," or injury "of the type the antitrust laws were designed to prevent and that flows from that which makes defendants' acts unlawful." Cargill, 479 U.S. at 113 (quoting Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc., 429 U.S. 477, 489 (1977)). Antitrust injury means injury to competition generally and not only to a specific competitor. Brooke Group, Ltd. v. Brown & Williamson Tobacco Corp., 509 U.S. 209, 220 (1993); Foremost Pro Color, Inc. v. Eastman Kodak Co., 703 F.2d 534, 548 (9th Cir.1983), cert. denied, 465 U.S. 1038 (1984).
 
 
 10
 Labrador alleges in its complaint that the effect of Iams' unlawful price discrimination "may be to substantially lessen competition." However, to withstand a motion for summary judgment, Labrador "must go beyond the pleadings and identify facts showing the existence of a genuine issue for trial." Sicor, 51 F.3d at 853. Labrador has not offered evidence to support this general allegation.[3] Rather, Labrador's specific alleged injuries include reduced profit margins on Iams' products and an inability to participate in Iams' promotional programs. But reduced profits do not constitute antitrust injury. See Rutman Wine Co. v. E. & J. Gallo Winery, 829 F.2d 729, 735 (9th Cir.1987). Furthermore, Labrador's nonparticipation in Iams' promotional programs was voluntary. Such nonparticipation was therefore not "the type [of injury] the antitrust laws were designed to prevent and that flows from that which makes defendants' acts unlawful." Cargill, 479 U.S. at 113. Labrador has not demonstrated that it is threatened by antitrust injury. Therefore, it lacks standing to seek injunctive relief under § 16 of the Clayton Act.[4]
 
 CONCLUSION
 
 11
 For the foregoing reasons, the district court's judgment is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The district court's decision to disregard the declaration of Steve Segner was not an abuse of discretion. "[T]estimony that flatly contradicts earlier testimony in an attempt to 'create' an issue of fact and avoid summary judgment" should be disregarded. Kennedy v. Allied Mutual Ins. Co., 952 F.2d 262, 267 (9th Cir.1991). We agree with the district court that Mr. Segner's 1995 declaration "flatly contradicts" his 1993 testimony
 We note that consideration of Mr. Segner's declaration does not alter our conclusion that Iams did not control its distributors. Considering all of the evidence, the following picture emerges: On "several occasions," Iams directed L.A. Pet on how to price Iams' products. These were exceptions to the general rule of independent pricing on all products, including Iams' products. Iams directed L.A. Pet not to sell to discount stores, but this merely ratified L.A. Pet's independent business decision to concentrate on its traditional customer base. L.A. Pet was directed by Iams not to sell to grocery stores, but such direction was implied, not express. Finally, Iams gave specific instructions to L.A. Pet on how to market Iams' products, but these instructions were mentioned as things that Iams would like L.A. Pet to do and were never put together in one mandatory dictum. Based upon the foregoing evidence, Labrador has not described a relationship of "functional unity" sufficient to invoke the narrow control exception to the direct purchaser rule.
 
 
 [2]
 Iams argues that Labrador waived this issue when it failed to raise a defense against summary judgment in the district court based upon its injunctive relief claim. "It is a well-settled rule that a party opposing a summary judgment motion must inform the trial judge of the reasons, legal or factual, why summary judgment should not be entered. If it does not do so, and loses the motion, it cannot raise such reasons on appeal." USA Petroleum Co. v. Atlantic Richfield Co., 13 F.3d 1276, 1284 (9th Cir.1994) (internal quotation omitted). However, Labrador appears to have satisfied this requirement. In its opposition to Iams' summary judgment motion, Labrador made an argument based upon its request for injunctive relief. While this argument was legally incorrect, its articulation by Labrador preserved Labrador's right to raise the issue of injunctive relief on appeal
 
 
 [3]
 Labrador contends that the limited scope of discovery in this case has inhibited its ability to gather information to support its claim of antitrust injury. Pursuant to Federal Rule of Civil Procedure 56(f), a district court may refuse an application for summary judgment and order additional discovery where it appears that the nonmoving party cannot present facts "essential to justify the party's opposition." However, Rule 56(f) "requires the nonmoving party to show that additional discovery would uncover specific facts which would preclude summary judgment." Maljack Prods., Inc. v. GoodTimes Home Video Corp., 81 F.3d 881, 888 (9th Cir.1996). Not surprisingly, Labrador has failed to meet this requirement; as the antitrust plaintiff, Labrador is in the best position to know how it has been injured. Labrador has not indicated how Iams would possess information relating to Labrador's injury
 
 
 [4]
 The district court assumed that Labrador did have standing to bring its claims under the Clayton Act and granted summary judgment to Iams based on the merits of those claims. We also believe that the district court's disposition of those claims was correct